UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALI FAKERI TABRIZI,<br><br>Plaintiff,<br><br>v.<br><br>MARCO RUBIO, et al.,<br><br>Defendants. | Case No. 25-cv-07922-PHK<br><br>**ORDER TO SHOW CAUSE RE: LACK OF SERVICE AND FAILURE TO PROSECUTE**<br><br>Re: Dkt. 1 |

On September 17, 2025, Plaintiff Ali Fakeri Tabrizi filed the Complaint in this action against Defendants Marco Rubio, Thomas J. Barrack, Jr., Joseph B. Edlow, Pam Bondi, and the United States Department of State. [Dkt. 1]. To date, Defendants have not appeared in this action, and Plaintiff has not filed a proof of service demonstrating that Defendants were properly served. *See* Fed. R. Civ. P. 4(l).

Federal Rule of Civil Procedure 4(m) provides that:

[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, more than ninety days have passed since Plaintiff's Complaint was filed – indeed eight months have passed. As of the date of this Order to Show Cause, there is nothing on the docket which reflects that service of process has been effectuated (or waiver of service sought and received) as to the named Defendants. In fact, Plaintiff has filed nothing on the docket at all since the date on which the Complaint was filed, September 17, 2025.

Plaintiff's failure to effectuate proper service within the time limits prescribed by Rule 4(m) is grounds for the dismissal of this case without prejudice, in the absence of justification for the

failure. Further, the Court possesses the inherent power to dismiss an action *sua sponte* if a plaintiff fails to prosecute their action. Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute).

Accordingly, **IT IS ORDERED THAT**:

1. By no later than **June 12, 2026**, Plaintiff is **ORDERED TO SHOW CAUSE** by filing a written response to this Order explaining why this case should not be dismissed without prejudice for failure to effect service of process within the time limits prescribed by Rule 4(m).

2. Further, by no later than **June 12, 2026**, Plaintiff is **ORDERED TO SHOW CAUSE** in any written response to this Order explaining why this case should not be dismissed without prejudice for failure to prosecute this action.

3. Plaintiff may respond to this Order to Show Cause by filing, by the June 12, 2026, deadline, adequate proof of service of process under Rule 4. To be clear, if Plaintiff effectuates service of process of the Complaint by the June 12, 2026 deadline, and if Plaintiff files adequate proof of service of the Complaint by the June 12, 2026 deadline, no additional written response to this Order to Show Cause would be necessary.

4. Plaintiff is admonished and warned that failure to timely respond to this Order to Show Cause, continued failure to prosecute this action, and failure to show good cause for the lack of service of process may result in the issuance of a Report and Recommendation that this case be dismissed without prejudice, along with issuance of an Order directing the Clerk of Court to reassign this case to a district judge for consideration of that Report and for consideration of any action to be taken thereon.

**IT IS SO ORDERED.**

Dated: May 27, 2026

PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California

2